May it please the court and counsel, my name is Jerry Moberg. I'm a lawyer from Ephrata and I represent Toppenish School District and Superintendent John Serna in this case. The, I think, central issue in this case is whether or not Superintendent Serna is entitled to qualified immunity in this transfer case. As you know from the record, Mr. Roybal was a principal at the school district for a number of years and then he was transferred to an assistance position. That transfer was at same pay and under Snead did not, in my view, trigger any constitutional issue as far as property interest because he was simply transferred to a different job at the same pay. And then shortly, very shortly thereafter, he was assigned to a teaching position at one-half his former salary, correct? Two years later. He served as the assistant principal and part-time in an alternative school for two school years and it was at the end of the second school year that he was then transferred to a certificated position. So the question, I think, becomes at that point one of the appropriate notice and the interest that he had as a assistant principal by statute was defined as one which where he could be transferred from that position to a classroom position without the need of showing cause or without going through the procedures that the state had established under, for principals, for tenured principal at the time. So the question then is what notice is he entitled to? And I know the court had indicated an interest in us discussing, particularly, whether or not the process due was governed by state law or by federal law. And I think that the Cleveland School Board Loudermill case makes it clear that while the interest, that is a property interest, is defined by state law, the process due is clearly defined by Loudermill. And I think the court... It was a case that both of you missed. Yes, I will acknowledge that, Your Honor, and I had really not, I think I had had focused on the creation of the property right to the exclusion of stepping back and saying, okay, so there are two prongs to the qualified immunity. One is was there a violation in the first place? Secondly, would Superintendent Cerna, under the case law, reasonably know that? And I think I focused on the second prong more than I should have. Because I think if you step back, I'm not sure that there was a constitutional violation at all, because when Mr. Roybal was notified that he had the right to, that he was going to be transferred to the classroom, he had the right to both discuss with the superintendent his concerns and also appear, and did appear before the school board, to provide his position as to why he should not be transferred. Under Washington law, he's entitled to both a pre-deprivation hearing, correct? Under Washington law, well, under 300, if you... Answer that question yes or no. Yes, he is entitled to a pre-deprivation hearing and then there's post-deprivation rights. And a bit unusually for state law in this circumstance, he's also entitled to discovery, isn't he? In the post- deprivation hearing process that is allowed to tenure principals, there's a whole process. It's like a mini trial. But I don't see any requirement, even under the Washington law, in the pre-determination process for the assistant principal, that there's any discovery allowed. But then I don't think that matters, because I think the question of his process due is governed by Loudermill, and all Loudermill says is very succinctly that he has to have an opportunity to respond either in writing or verbally, and to be aware of the basis of the decision. He received both of those. So I think that at that point, there is no constitutional violation, and that he was provided all of the rights in Loudermill. And then the question of the state-created rights really doesn't doesn't come into play, except as it becomes a post-deprivation issue. The district court applied state law, correct? Yes, the district court applied the in state law for tenure principals. But analyzed whether there was a violation or not. I'm sorry, I missed that. The trial court analyzed whether there was a due process violation or not under state law, correct? Yes, yes. And it's your position, now that you've read Loudermilk, that federal law applies? Well, I did miss Loudermilk. I have read it. I'm surprised though, because it's very common, you know, in public employment, everybody says, we're going to have a Loudermill hearing. Right, right. That's what they call it, even whether it's under state or federal law, they just call it that. Right, and I believe that there was a pre-termination Loudermill hearing by, even in what was implied in the statute as well, because you have to give them notice that you're going to make the transfer, and then they have an opportunity to discuss that with the superintendent, which was done in this case, and also then with the board. So that pre-term... Now talk about the retaliation claim. There's really two claims here, right? Due process and retaliation? Yes, the retaliation claim... Can we talk about that? Well, the retaliation claim really is part of the First Amendment claim, as I view it. In other words, the claim was that because... He went to a lawyer. He went to a lawyer, and it was... It took some umbrage that he went to the lawyer, that he made some... took some action against Mr. Roybal. I don't think... I haven't... I don't analyze that in terms of this court's ruling as a separate claim. What the court said was that part of the First Amendment claim, part of the reason why they were arguing that this was more than just a mundane personnel dispute was because the complaints that Mr. Roybal was making were that he was being retaliated against in his First Amendment speech about going to a lawyer. Let me just ask you before we even get there, do we have jurisdiction to review this under Ng? Because it seems like... No, I don't think you do at all. I'm sorry, I didn't mean to cut you off, Your Honor. I guess I have your answer. You don't I think Ng makes it very clear that, you know, those sort of personnel disputes do not rise... don't meet the five tests of Ng. They don't rise to the level of a First Amendment private citizen exercising First Amendment rights. No, no, I think you're not understanding my question. Oh, I'm sorry. My question is, should we even be talking about what you're talking about? Because if it's basically a factual dispute on a summary judgment, would we be reviewing that at this phase? It's not a qualified immunity question. It's not the due process question. Well, I think the question of whether or not the speech was protected or not is a question of law. Thank you, Your Honor. And I think in this case that the speech was not protected. It was simply complaints that he had not been evaluated, had not been properly evaluated. He throws in and tries to dress it up a little bit, Mr. Royville does, by saying, well, you know, there might be some history of them not evaluating teachers, but I don't think that rises to the level of public concern or would be an issue that a private citizen raised. He raises this in his capacity as an employee, and he's complaining about his evaluations. He has a concern about the way in which he's treated professionally, and he goes to a lawyer. Yes. And the lawyer doesn't hold a press conference and castigate the school district of the superintendent, right? No, that's right. He writes a perfectly respectable letter to the board saying that Mr. Royville has contacted him, and he's looking into the matter, right? That's correct. And that alone sets Cerna off, right? I think there's a dispute in the facts about that, but I think there is evidence in the record where Mr. Cerna felt offended by the fact that he went around him and went to a lawyer. You know, there's a long string of cases that, in liability cases like this, that says if it is a question of fact, courts of appeal are uniquely unqualified to resolve them. That's for the trial court. I am aware of those cases, and I agree with that, but I also think that you have to analyze it in terms of whether or not it fits under that umbrella of being a personnel dispute in its entirety, because that's a question of law. I mean, that's what this boils down to here. We have a lot of, you know, statements out of the Supreme Court that don't particularly help us, because you can say, well, it fits there, it doesn't fit there. It's basically a personnel dispute. Yes. And the question is, is somehow his concern that the district isn't following the school improvement plan or some other thing, does that take it out of a personnel dispute? That's really my question. Yes, and I don't believe it does, and I believe that's a question of law, and I say I'm down to four minutes and 30 seconds. I went on a reserve four minutes. I'd like to finish this discussion, though. But no, I believe that that does not. That going to the lawyer or trying to make this more than a personnel dispute does not accomplish the job. I think that still, as a matter of law, this was not a matter of speech protected under Heng. And I'll reserve the last four minutes of my time. Thank you. Good morning. My name is Kevin Montoya. I represent Robert Roybal. There are two issues under due process. The first issue is whether he was provided with any right to respond prior to being deprived of his right to be a principal. The second due process issue is whether or not he received adequate post-deprivation due process protections. The court asked us to focus on whether that's covered by federal law. Federal law does decide the issue of whether or not he was provided adequate due process protection. Ghidra v. Mount Adams School District, a Washington State Court of Appeals case, is based upon Loudermill. As Your Honor McEwen noted, in a public employment context, people talk about Loudermill hearings, and they say, we're going to have a Loudermill. Ghidra v. Mount Adams School District created the Washington Standard that interprets Loudermill and says that any time you're going to deprive somebody, a teacher or administrator, of any kind of employment right, any property right, that you have to have a Loudermill hearing. And that's what Mr. Roybal didn't get, because I'd like to clarify the record on that. On May 15, 2014, he received a letter that said, you're being transferred. The transfer cost him $57,000 a year in salary and benefits. The transfer decision was made before any meeting or opportunity to respond about the stated reasons that were in the transfer letter. When Mr. Roybal received the transfer letter, it said, you have a right to request a, quote, reconsideration or have the board reconsider it. The reconsideration, or the ability to have somebody look at it and reconsider it, was at an executive session that was held on May 22, 2014, one week later. When he showed up, he hadn't received any reasons except for a few conclusory ones in the May 15 letter that explained why they were transferring him. So may I just ask you, this is where we get confused, because people in Washington do refer to it as a Loudermill hearing, but of course they're looking also to state law as to what's required. But it's kind of gotten this rubric of, well, we're having a Loudermill hearing for any public employee who has an adverse action. But if it's the Guida case actually is interpreting Washington, it might say Loudermill, but it's a Washington gloss, which we're not really bound by in the federal court. So here's what Loudermill says. Loudermill says that you get oral or written notice of the charges, which he did in effect, or the changes, an explanation and an opportunity to respond. So I would appreciate within that context, if you could tell me why in your view he didn't get the due process required by the federal law. All right. And on Guidra, I'd like to clarify something. Guidra does blend the teacher statutory process that's required with Loudermill. But Guidra does decide the issue that Loudermill requires a pre-termination or pre-deprivation hearing of some kind. And Guidra, regardless of whether it's federal or state, is the clear precedent interpreting federal constitutional law that the district was aware of. Now, what process was he entitled to? Here's how it  He was entitled to a letter in June 2014 that said, you are transferred. The record is clear. Before the decision to transfer him that cost him $57,000 a year, he received absolutely no opportunity to respond to anything in the letter that was the basis for his transfer. In fact, the letter says, if you show up at the informal board hearing, we will potentially consider you. In fact, in the May 15 letter, it says it is determined or it has been determined and makes it a final decision. Well, what is your position? That before they sent the letter, they would have had to contact him and hold a hearing or give him an opportunity to be heard before they made the decision to transfer him. Is that your position? Correct. Under which law are you making that argument? Under Loudermill and some cases that I should have cited in my brief, and I'm going to provide those. Matthews v. Harding Can I just say here, that's not going to do us a lot of good in this argument. If you want to have additional cases cited, you can send us a 28J letter, although by custom, we would get that in advance so we could look at it, as would your colleague here. So, it's not going to do us any good for you to tell us those cases now, but I appreciate that. Maybe we would be familiar with them, but we might not be. Loudermill establishes the right to a pre-deprivation opportunity to respond, and he didn't get that. He also had a post-deprivation opportunity to more than what the district gave him. The only process What language in Loudermill do you read to require a pre-deprivation hearing? A pre-deprivation hearing? In Loudermill, the case was about a pre-deprivation opportunity to respond. I'm using hearing kind of loosely. You get notice of what the allegations are and an opportunity to respond. Whether you get a hearing is a flexible concept, and in that, whether you get adequate pre-deprivation procedures depends in part on what the post-deprivation procedures available are. Under Washington law, the way it should have happened is he should have received a notice of probable cause under RCW 28A-300 and then had a chance for a hearing under RCW 28A-300. That's all under state law, which is really quite nicely developed in Washington state. It is. But that's not federal law necessarily. No, but it is relevant under Loudermill and the Loudermill analysis to what level of pre-deprivation hearing he was entitled to, and the Ninth Circuit has developed that in several cases. You say under federal law, it's not enough to send a letter saying you're being transferred and if you want to appear at a hearing, here's when you do it. That's correct. That's not enough. You feel he was entitled to more than that under Washington law? Under federal law and under Washington law. But federal law, based upon the analysis in Matthews v. Eldridge, would have given him more of a right to come in and respond than just after the fact, being able to informally discuss it in an executive session where he was a neutral decision maker or cross-examine anyone. The district court analyzed the due process claim of your client under state law, correct? No. They also considered Loudermill, and I believe it's cited in the order, Your Honor. But Ghidra rests on Loudermill. I thought it was pretty clear from the record that the district court decided this case based on state law. Well, as I recall, the order does cite Loudermill, and Ghidra is a Loudermill analysis blended with Washington statutory law. So I would argue that the district court relied upon a state case that had an interpretation of Loudermill, similar to what I'm arguing here. Right, but we're not bound by a Washington Court of Appeals analysis of Loudermill, are we? You are not. But it does establish a clear right, because the top in a school district, when they argue for immunity, can't say, well, that's a state case interpreting federal law. A state case interpreting a due process right and unequivocally giving a right to a pre-termination hearing gives a person a clearly established right. And he had a clearly established right to a pre-termination hearing and an opportunity to respond. What case, what federal case, following Loudermill, says that an individual in this circumstance has a right to a pre-termination hearing? Pre-determination hearing? The two closest, Matthews v. Harney. The cases that are not in your brief that you want to discuss with us? Correct. Okay. So why not just send the case back to the district court, tell it to apply federal law, and you can cite all these cases and your opponent can respond to them? Because we'll be another 15 months potentially out from the district court process unless things go faster. And I think the district court did consider Loudermill, Your Honor. I think when it looked at the test, I think it looked at what the Court of Appeals had done in reviewing the Loudermill case. I think we understand your position. So if I may cite the two cases, and I can follow up with the procedure. The only way we're going to let you do that is to write out on a slip of paper the courtroom deputy will give to you the citation to those cases and provide a copy to your opponent and he will be given an opportunity to respond to those cases. I'll do that. If that's what you want to do, do it. I'll do that, Your Honor. But the... Send him to us as a 28-J letter, too, as a pleading. Yes. I will do that. And the process that he ended up getting at the hearing was also deficient. So we're arguing that there are two bases for the due process violation, pre-termination, post-termination. The district argues under Brewster v. the Board of Education that this is similar to a case in which a teacher's salary is being negotiated during a time when a new teacher begins in a school district. That's a completely different situation. Under the state issue and the property interest involved here, he had a significant interest in the right to have a hearing and to continue employment as a principal, absent some reason that the district gave and that he had an opportunity to respond to. Do you want to spend a little bit of time on the retaliation claim? Excuse me, Your Honor? Would you like to spend a little bit of time on the retaliation claim? Yes, I will. Including the jurisdictional issue. Well, I argued in my brief that the first... You understand, if we are persuaded that it's basically a fact question, you win. It goes back to the district court for determination, maybe even in front of a jury. You understand? I do understand that, but... Go ahead and respond to the question. But that doesn't mean that the analysis isn't the same. Whether it's inextricably intertwined is, I think, what you're getting at. I would argue the First Amendment part isn't inextricably intertwined to what's before the court today, which would be the qualified immunity and the due process. But if the court is going to reach the First Amendment issues, I think what you were getting at, Judge Hawkins... Let me get your position, because there are two sentences in your brief that potentially conflict. Is it your position that we shouldn't even be talking about the First Amendment here because there are factual issues and those are going to be left to the jury? Is that your position? And it's not necessary to the interlocutory nature of the decision, in this case, on the qualified immunity. On the due process. Correct. Okay. So, if the court does reach the First Amendment issues, I would argue that there's two different ways to look at this. As the court recognizes, what really set Mr. Cerna off was the letter that Mr. Roybal's attorney sent to Mr. Cerna regarding a violation of Washington law in the course of evaluating Mr. Roybal. The letter was not in the chain of command, and I'll Mr. Cerna said that himself. The district admits that, and Mr. Cerna said he felt betrayed when he got the letter. Now, he says he didn't upbraid Mr. Roybal, didn't scold him, or anything like that, but immediately after that, Mr. Cerna said to Dawn Weddle, Mr. Roybal's principal, watch him, and she then ends up, during the course of a year, taking notes on what he's doing. Now, the district later claims that what she did was the basis for the decision to transfer him to a teacher position, but Ms. Weddle says, I didn't do an evaluation, didn't observe him, and no part of what I did had any relevancy to what the district later did. In fact, the reasons for the transfer to the position, she admits, weren't even done when they sent the May 15, 2014 letter to him. After that, she got together with Larry Davison, the human resources manager, and they started writing up the reasons for the transfer after the decision had been made to transfer him. So, on the First Amendment issue, I would argue that Ng says that the right to speak to an attorney is a protected right, and the court has ruled there's a factual issue, so I think that's correct. If the court looks at the other aspects of the speech and engages in the five-step analysis under Ng, I would argue that it's not a matter of private concern, it's a matter of public concern. When someone goes outside the chain of command, they don't have the obligation to report to their superior, and the person to whom they're reporting, Mr. Cerna in this case, had an obligation. Any more questions? No, I think that we have no further questions. I'll write out the cases and hand them over to the clerk. And file a pleading. Just file a pleading. I'll file a pleading, thank you. And then we'll have an opportunity if Toppenish School District wants to file up to three pages response or additional cases, then you can do that, Mr. Moberg. All right. Thank you. The salient part of Lattermell, I think, is at page 546 where it says the essential requirements of due process and all that the respondents seek or the court of appeals require are notice and an opportunity to respond. It goes on to say that simply that the principal Roybal could respond either by written or written or oral notice, and that, importantly, they say that to require more than this is prior determination would intrude on an unwarranted extent to the government's interest in quickly removing employees. I know of no case that changes that pre-termination requirement. I know of no case, I'll be happy to read the cases counsel refers to, that requires any sort of a pre-termination evidentiary hearing, and I don't think that's the case. Well, I was also saying that the post-termination hearing was defective and that he wasn't afforded, I believe I heard him say, right to call witnesses. What do you think about that argument? Lattermell does talk about the level of the pre-termination hearing is somewhat dependent on what post-termination relief is available. There was a full panoply of post-termination rights available. We then get into the state law question of whether or not an assistant principal could avail himself to those post-termination rights or not, and we've argued that he cannot under the statute, but he does have the right to be transferred to the position. Let me ask you this, because it is a question of federal law, and because we can affirm on any ground even if it's not one of the district court, do you think the record is sufficiently developed here that this could be decided by the Court of Appeals, or in light of the arguments that Mr. Roybal's counsel has made, that because the district court, if we believe it did not I think the record is sufficient to decide whether there was a notice and an opportunity for Mr. Roybal to respond when it was determined that they were going to transfer him to the subordinate position. I don't think that record changes, and I think that this court could make that conclusion, that that is sufficient, that he had a sufficient opportunity to be heard and to provide a presentation. He was represented by counsel at the time of the transfer, and he was given every opportunity to give to the board the information that he felt why they shouldn't do this. I think that the argument is a little semantical that says, well, the superintendent had already given him notice of the transfer, and this was a reconsideration. That's not the process. The process is the superintendent gave him notice of the transfer, and then he has a right to both discuss that matter with the school board. At that point, he had the opportunity to explain to the school board why he shouldn't be transferred to the subordinate position. So I think that the Loudermill due process, the process that was due, was sufficient and met. I do agree that the court did mention Loudermill at EOR 15 just generally for the proposition of the rights, but that the analysis of the court was more focused on the process of the state law and not the process of Loudermill. So I believe that the court could decide that Loudermill was met in this case, that he had an adequate pre-termination hearing before his transfer. I would be happy to answer any questions that the court might have. Thank you. Thank you. Thank both of you this morning for coming over for the argument. The case of Roybal v. Toppenish is submitted.
judges: Hawkins, McKeown, Rothstein